| | |
|---|---|
| **RODNEY ELROY COBBS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| **JOHN DOE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 6]. See 28 U.S.C. §§ 1915(e)(2); 1915A. On January 23, 2019, the United States District Court for the Eastern District of North Carolina entered an order waiving the initial filing fee and directing monthly payments be made from Plaintiff's prison account.[1] [Doc. 9]. Thus, Plaintiff is proceeding in forma pauperis.

**I.  BACKGROUND**

Pro se Plaintiff Rodney Elroy Cobbs ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Johnston Correctional Institution located in Smithfield, North Carolina. Plaintiff filed this action on November 28, 2018, pursuant to 42 U.S.C. § 1983, naming the following as Defendants in their individual and official capacities: (1) John Doe 1, identified as the Facility ADA Coordinator at Alexander Correctional Institution in Taylorsville, NC; and (2) John Doe 2, identified as the Division ADA Coordinator for the North Carolina Department of

---

[1] The Plaintiff originally filed this action in the Eastern District on November 28, 2018 by way of a letter that was received by the Clerk of that Court. [Doc. 1]. On January 18, 2019, the Plaintiff filed a Complaint on the "proper form" in the Eastern District. [Doc. 6]. On July 9, 2019, the Honorable James C. Dever, III, United States District Judge, ordered the case be transferred to this Court. [Doc. 10].

Public Safety (NCDPS) located in Raleigh, NC. [Doc. 1 at 3].

Plaintiff's brings claims against Defendants for violation of his rights under the Americans with Disabilities Act (ADA) by failing to provide the Plaintiff, who is disabled, with reasonable accommodation in Good Time Credit program assignments to enable Plaintiff to receive time credits. [Doc. 1]. Plaintiff alleges that he was designated as 100% disabled before being incarcerated and received monthly Social Security disability payments. Plaintiff alleges that while incarcerated his case manager advised him that he is eligible for "ADA medically unfit Gain time credits due to [his] medical condition." Plaintiff alleges, however, that he was specifically denied this accommodation on October 26, 2017, December 7, 2017, and March 27, 2018 after submitting Inmate Reasonable Accommodation Request forms (IRARs). [Doc. 6 at 5-6; Doc. 6-1 at 19-24]. John Doe 1 and John Doe 2 signed the NCDPS forms denying the Plaintiff's IRARS. [Doc. 6-1 at 22-3]. Plaintiff further alleges that he was forced to choose between taking a job and experiencing severe pain standing for long hours or "staying in prison longer in spite of the fact that [he] was 100% disable[d] when [he] came to prison." [Doc. 6 at 6-7].

Plaintiff claims that as a result of these failures to provide reasonable accommodations, the Plaintiff's physical and mental health have deteriorated, his pain medications have become ineffective to treat his pain, and he has become prone to irritation, headaches, and lack of sleep. [Doc. 6 at 7].

For relief, Plaintiff seeks monetary damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under

§ 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Court finds that the Plaintiff's allegations of ADA violations against John Doe 1 and John Doe 2, survive initial review. See Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) (holding that the ADA applies to state prisons); Smith v. Beck, No. 5:07-CT-3034-FL, 2010 WL 3834667, at *6 (E.D.N.C. Sept. 29, 2010) (denying summary judgment for defendant prison officials on disabled prisoner plaintiff's ADA claim based on defendants' failure to provide plaintiff with accommodation and excluding him from a job assignment that would allow him to earn sentence reduction credits).

### IV. CONCLUSION

In sum, the Court finds that this action survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review. See 28 U.S.C. §§ 1915(e); 1915A.

2. For service on Defendants John Doe 1 and John Doe 2, the NCDPS shall make a reasonable attempt to identify the names of these Defendants, who are alleged to be the Facility ADA Coordinator for Alexander Correctional Institution and the Division ADA Coordinator for the NCDPS at the relevant times.

3. Once the Defendants are identified by the NDPS, the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of NCDPS in actions filed by North Carolina State Prisoners.

**IT IS SO ORDERED**.

Signed: October 1, 2019

Frank D. Whitney
Chief United States District Judge