UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00092-FDW

| | |
|---|---|
| **RODNEY ELROY COBBS,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| | )   **ORDER** |
| | ) |
| **KENNETH LASSITER, et al.,** | ) |
| | ) |
|       **Defendants.** | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983.[1] [Doc. 24]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 7, 9].

**I.    BACKGROUND**

Pro se Plaintiff Rodney Elroy Cobbs ("Plaintiff") was formerly a prisoner of the State of North Carolina. He currently resides in Bolton, North Carolina.[2] Plaintiff filed this action on November 28, 2018, pursuant to 42 U.S.C. § 1983, naming the following as Defendants in their individual and official capacities: (1) John Doe 1, identified as the Facility ADA Coordinator at Alexander Correctional Institution ("Alexander") in Taylorsville, NC; and (2) John Doe 2, identified as the Division ADA Coordinator for the North Carolina Department of Public Safety (NCDPS) located in Raleigh, NC. [Doc. 1 at 3]. Plaintiff alleged these Defendants violated his

---

[1] The Plaintiff originally filed this action in the Eastern District on November 28, 2018 by way of a letter that was received by the Clerk of that Court. [Doc. 1]. On January 18, 2019, the Plaintiff filed a Complaint on the "proper form" in the Eastern District. [Doc. 6]. On July 9, 2019, the Honorable James C. Dever, III, United States District Judge, ordered the case be transferred to this Court. [Doc. 10].

[2] Plaintiff was released from prison on October 28, 2019. [Doc. 17].

rights under the Americans with Disabilities Act (ADA) by failing to provide the Plaintiff, who is disabled, with reasonable accommodation in Good Time Credit program assignments to enable Plaintiff to receive time credits. [Doc. 1]. Plaintiff alleged that he was designated as 100% disabled before being incarcerated and received monthly Social Security disability payments. Plaintiff alleged that while incarcerated his case manager advised him that he is eligible for "ADA medically unfit Gain time credits due to [his] medical condition." Plaintiff alleged, however, that he was specifically denied this accommodation on October 26, 2017, December 7, 2017, and March 27, 2018 after submitting Inmate Reasonable Accommodation Request forms (IRARs). [Doc. 6 at 5-6; Doc. 6-1 at 19-24]. John Doe 1 and John Doe 2 signed the NCDPS forms denying the Plaintiff's IRARS. [Doc. 6-1 at 22-3]. Plaintiff further alleged that he was forced to choose between taking a job and experiencing severe pain standing for long hours or "staying in prison longer in spite of the fact that [he] was 100% disable[d] when [he] came to prison." [Doc. 6 at 6-7]. Plaintiff's complaint survived initial review by this Court under 28 U.S.C. §§ 1915(e)(2) and 1915A. [Doc. 15]. The NCDPS was able to identify one of the two ADA Coordinator Doe Defendants as Meredith Rae Ellington. [See Doc. 19]. The Court ordered the U.S. Marshal to use reasonable efforts to serve Defendant Ellington in accordance with Rule 4 of the Federal Rules of Civil Procedure. [Id.]. On January 9, 2020, service on Defendant Ellington, however, was returned unexecuted. [Doc. 21]. On March 9, 2020, Plaintiff filed his amended complaint, which is now before the Court on initial review.

In his amended complaint, Plaintiff omits his claim against Defendant Ellington. Plaintiff, however, purports to sue nine additional Defendants. [Doc. 24 at 2-3; Doc. 24-1 at 1]. These include: (1) Kenneth Lassiter, identified as the NCDPS Director of Public Safety; (2) Todd Ishee, also identified as the NCDPS Director of Public Safety and as the "Director of Prison" at Central

Prison; (3) Elaine Marshall, identified as the Secretary of the NCDPS; (4) Erik A. Hooks, also identified as the Secretary of the NCDPS; (5) Steven Waddell, identified as the Assistant Warden of Central Prison; (6) Keith Whitener, identified as the Superintendent of Alexander; (7) Roderick Watson, identified as the Superintendent of Johnston Correctional Institution; (8) Roy Cooper, identified as the Governor of the State of North Carolina; and (9) Chris Batton, not otherwise identified by Plaintiff but alleged to be located at Johnston Correctional Institution in Smithfield, North Carolina. [Id.].

In his amended complaint, Plaintiff again alleges that the ADA coordinators denied him privileges under the ADA while Plaintiff was housed at Alexander. [Doc. 24 at 4]. Plaintiff also alleges that at some undefined time "UNC Chapel Hill Hospital doctors saw x-ray of my left hip, it was so deteriorated that the steroid shot would not help my condition of a deteriorating hip on my left side." [Id.]. Plaintiff also alleges that he "did not receive any medical treatment at Johnson Correctional as of October 9, 2018." [Id. at 5].

For injuries, Plaintiff claims that he has suffered mental, physical, and emotional stress as a result of the alleged conduct. [Id.].

For relief, Plaintiff seeks monetary damages. [Id.]. Plaintiff also ask for an attorney to assist him with his case. [Id. at 6].

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious[,] fails to state a claim on which relief may be granted; or [ ] seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or

is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In its initial review, the Court finds that Plaintiff's amended complaint suffers from many deficiencies.

Plaintiff appears to name Defendants Lassiter, Ishee, Marshall, Hooks, Waddell, Whitener, and Cooper only in their supervisory capacity. Because Plaintiff's allegations are not of the type or scope that could implicate personal participation by these Defendants, they will be dismissed as Defendants in this matter. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). The Court, however, will allow Plaintiff leave to amend his complaint to properly state a claim against these Defendants, if Plaintiff so chooses. In his amended complaint, Plaintiff must allege how each individual Defendant personally participated in the alleged violations of constitutional rights.

Next, to the extent Plaintiff intended to bring claims against Defendants Watson and Batton for any alleged deliberate indifference to Plaintiff's serious medical needs while Plaintiff was presumably housed at Johnston Correctional Institution, these claims must be dismissed. Johnston Correctional Institution is in Smithfield, North Carolina, which lies in the Eastern District of North Carolina. Further, Plaintiff identifies Defendants Watson and Batton as residing in Smithfield. In

4

addition to other grounds for dismissal of these Defendants, venue for any such claim against these Defendants does not lie in this District. 28 U.S.C. § 1391(b).

In sum, the Court will dismiss all Defendants named in Plaintiff's amended complaint for the reasons stated in this Order and allow Plaintiff another opportunity to amend his Complaint.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, in accordance with this Order. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

1. All Defendants are dismissed. 28 U.S.C. §§ 1915(e) and 1915A.

2. Plaintiff shall have thirty (30) days in which to amend the complaint, particularizing his claims and providing facts to support his legal claims against each remaining Defendant. If Plaintiff fails to amend the complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

**IT IS SO ORDERED**.

Signed: April 16, 2020

Frank D. Whitney
Chief United States District Judge