UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00092-FDW

| | |
|---|---|
| RODNEY ELROY COBBS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>) **ORDER**<br>)<br>MEREDITH RAE ELLINGTON, )<br>et al., )<br>)<br>Defendants. )<br>_____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, filed under 42 U.S.C. § 1983. [Doc. 26]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis.[1] [Doc. 9].

**I.  BACKGROUND**

Pro se Plaintiff Rodney Elroy Cobbs ("Plaintiff") was previously incarcerated at Alexander Correctional Institution ("Alexander") located in Taylorsville, North Carolina, and Johnston Correctional Institution

---

[1] Plaintiff originally filed this action in the Eastern District of North Carolina on November 28, 2018 by way of a letter that was received by the Clerk of that Court. [Doc. 1]. On January 18, 2019, the Plaintiff filed a Complaint on the "proper form" in the Eastern District. [Doc. 6]. On July 9, 2019, the Honorable James C. Dever, III, United States District Judge, ordered the case be transferred to this Court. [Doc. 10].

("Johnston") located in Smithfield, North Carolina.[2] Plaintiff filed this action on November 28, 2018, pursuant to 42 U.S.C. § 1983, naming the following as Defendants in their individual and official capacities: (1) John Doe 1, identified as the Facility ADA Coordinator at Alexander; and (2) John Doe 2, identified as the Division ADA Coordinator for the North Carolina Department of Public Safety (NCDPS) located in Raleigh, NC. [Doc. 1 at 3].

Plaintiff claimed that Defendants violated his rights under the Americans with Disabilities Act (ADA) by failing to provide the Plaintiff, who is disabled, with reasonable accommodation in Good Time Credit program assignments to enable Plaintiff to receive time credits. [Doc. 1].

Plaintiff's action, as amended in the Eastern District, survived initial review in this Court under 28 U.S.C. §§ 1915(e) and 1915A. [Doc. 15]. The NCDPS identified one of the Doe Defendants as Meredith Rae Ellington. [See Doc. 19 at 1]. The NCDPS was unable to identify other ADA staff who may have worked on Plaintiff's case. [Doc. 18]. On March 9, 2020, Plaintiff filed an Amended Complaint in which he omitted his claim against Defendant Ellington and added claims against Defendants Kenneth Lassiter, Todd Ishee, Elaine Marshall, Erik A. Hooks, Steven Waddell, Keith Whitener, Roderick Watson, Roy Cooper, and Chris Batton. [Doc. 24]. The Court

---

[2] It appears Plaintiff was released from prison on October 28, 2019. [See Doc. 17].

2

Case 5:19-cv-00092-MR   Document 27   Filed 07/28/20   Page 2 of 8

reviewed Plaintiff's Amended Complaint and determined that Plaintiff failed to state a claim for relief against any Defendant.[3]  [Doc. 25].  The Court, therefore, allowed Plaintiff thirty (30) days to amend his Complaint "in accordance with this Order." [Id.].  In this Order, the Court cautioned Plaintiff that, in his amended complaint, he "must allege how <u>each</u> individual Defendant <u>personally</u> participated in the alleged violations of constitutional rights." [Doc. 25 at 4, (emphasis in original)].

On May 21, 2020, Plaintiff filed his Second Amended Complaint, which is now before the Court for initial review.  [Doc. 26].  In his Second Amended Complaint, Plaintiff names as Defendants the following: (1) the NCDPS; (2) ADA Coordinators at "Alexander Minimum Correctional;" (3) ADA Coordinators at "Johnston Correctional;" and (4) Meredith Rae Ellington, identified as an ADA Coordinator.  [Id. at 2-3].  Plaintiff alleges as follows:

> Before entering into Prison I was diagnose as being 100% disable, and receiving a check from the Social Security Administration.  After arriving in Prison I was seen by doctors at Central Prison in Raleigh, N.C.  I was seen by doctors at Alexander Correctional, Taylorsville, N.C.  I was seen by doctors at UNC Chapel Hill, N.C.  After all my X-Ray's the ADA Coordinators at these facility still denied my Federal Rights under the American with Disabilities Act

---

[3] The Court also found that venue for Plaintiff's claims against Defendants Watson and Batton did not lie in this District.  [Doc. 25 at 4-5 (citing 28 U.S.C. § 1391(b)].  Plaintiff's claims against them appeared to arise from alleged deliberate indifference to Plaintiff's serious medical needs while he was housed at Johnston Correctional Institution located in Smithfield, North Carolina.  [Id.].

> (ADA)
>
> Additional, However, I was apart of the judicial system (Department of Public Safety) Laws of the United States, and the State of North Carolina. Upon my incarceration my Federal Rights was violated under the (ADA) <u>A</u>ll <u>A</u>merican <u>D</u>isability <u>A</u>ct
>
> Therefore; before entering in the judicial system I was (100%) one hundred percent disable, Receiving disability check or supplements from the Federal Government, Each institution governing the State of North Carolina concerning People of any disabilities is entitled to receive gain time to meet the minimum requirement of your minimum release date per Federal law. I was deprive of the Federal Law that was enactive, with malice and deliberately I had to take various jobs of my incarceration to (1-) stoop (2-) bend (3-) climb (4-) walk (5-) carry (6-) twist (7-) turn, yet all these incapabilities because my injury fought to meet my minimum to be release, and surely my medical X-Rays qualify me for (ADA) American Disabilities Act. By Law I was award the gain time, But ready to be release monetary be awarded. So [I] was deprive of all credit concerning the (ADA) gain time, I did not receive it.[4]

[Doc. 26 at 4-6 (errors uncorrected)]. Plaintiff alleges that these violations occurred at Alexander on 10/26/2017, 12/7/2017, and 3/27/2018 and at Johnston on 10/8/2018, 1/19/2019, 7/15/2019, and 10/2/2019. [Doc. 26 at 4]. For relief, Plaintiff seeks 2 million dollars in punitive damages and 2

---

[4] Plaintiff also alleges that "medical staff" at these three facilities "knew my condition went on and deprive my State and Federal Constitutional Rights." [Doc. 26 at 6]. Because Plaintiff fails to name any member of the medical staff as a Defendant in this matter and because this allegation is far too vague and insufficient in any event, the Court declines to address any potential claim Plaintiff may have intended to assert any further.

4

million dollars in "mental, physical[, and] emotional damages."  [Id. at 6, 7].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

5

## III. DISCUSSION

When a plaintiff amends his complaint, any preceding complaints are superseded and no longer have any force. Younger v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001). As such, the Court must take Plaintiff's Second Amended Complaint as it stands. Taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Court finds that Plaintiff has again failed to state a claim against any Defendant.

While Plaintiff again names Meredith Ellington as a Defendant (even though he had previously dropped her as a defendant), he makes no particular allegations regarding her or her alleged conduct. Plaintiff only vaguely alleges that "the ADA Coordinators" at Alexander and Johnston "denied [his] Federal Rights under the American with Disabilities Act (ADA)." [Doc. 26 at 4]. Plaintiff's allegations are likewise insufficient to state claims against the Doe Defendant ADA Coordinators. A plaintiff may name Doe defendants where he does not know the identity of individuals against whom he believes he has a claim. Such plaintiff, however, must actually identify the particular conduct by a particular, though unidentified, defendant from which such plaintiff believes his claim arises. Here, Plaintiff has not alleged conduct specific to any Doe Defendant. Plaintiff's vague allegations

6

Case 5:19-cv-00092-MR Document 27 Filed 07/28/20 Page 6 of 8

regarding the violation of his rights and that he was not awarded gain time credit to which he was entitled are not sufficient to maintain a claim.

Because Plaintiff has essentially twice previously been allowed to amend his Complaint and because he has already declined to follow <u>express</u> instructions by the Court in amending his complaint, <u>see</u> Docs. 3, 24, 25, 26, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice. <u>See</u> <u>Green v. Wells Fargo Bank, N.A.</u>, 790 Fed. App'x 535, 536 (4th Cir. 2020).

Furthermore, as Plaintiff has previously been advised, any claim Plaintiff may have against officials or employees at Johnston Correctional Institution does not lie in this District. 28 U.S.C. § 1391(b); Doc. 25 at 4-5. The Doe Defendant ADA Coordinators at Johnston, therefore, would be dismissed in any event.

Finally, as to Defendant NCDPS, neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. <u>See</u> <u>Ballenger v. Owens</u>, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, again, Defendant NCDPS would also be dismissed in this matter.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Amended Complaint [Doc. 26] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: July 27, 2020

Martin Reidinger
Chief United States District Judge